**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Respondent,

v.

Kenneth G. Butler, Sr., Appellant.

Appellate Case No. 2013-002455

Appeal From Cherokee County
R. Keith Kelly, Circuit Court Judge

Unpublished Opinion No. 2015-UP-368
Submitted July 1, 2015 – Filed July 22, 2015

**AFFIRMED**

Appellate Defender LaNelle Cantey DuRant, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Senior Assistant Deputy Attorney General Salley W. Elliott, both of Columbia; and Solicitor Barry Joe Barnette, of Spartanburg, for Respondent.

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Gaster*, 349 S.C. 545, 555, 564 S.E.2d 87, 92 (2002) ("In

ruling on a directed verdict motion, the trial court is concerned with the existence of evidence, not its weight."); *State v. Weston*, 367 S.C. 279, 292, 625 S.E.2d 641, 648 (2006) (stating when reviewing a denial of a directed verdict, an appellate court views the evidence and all reasonable inferences in the light most favorable to the State); *State v. Tuckness*, 257 S.C. 295, 299, 185 S.E.2d 607, 608 (1971) ("The question of the intent with which an act is done is one of fact and is ordinarily for jury determination except in extreme cases where there is no evidence thereon."); *id.* ("Intent is seldom susceptible to proof by direct evidence and must ordinarily be proven by circumstantial evidence, that is, by facts and circumstances from which intent may be inferred.").[1]

**AFFIRMED.**[2]

**THOMAS, KONDUROS, and GEATHERS, JJ., concur.**

---

[1] Butler's argument that the trial court "applied the wrong standard for a directed verdict when [it] stated . . . only a 'scintilla' of evidence was needed" is unpreserved. *See State v. Dunbar*, 356 S.C. 138, 142, 587 S.E.2d 691, 693-94 (2003) ("In order for an issue to be preserved for appellate review, it must have been raised to and ruled upon by the trial [court]. Issues not raised and ruled upon in the trial court will not be considered on appeal.").

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.